## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:20-CR-00393 JAR |
| | ) | |
| JULIA GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

COMES NOW, Julia Griffin, by and through his attorney, Eric V. Barnhart, and respectfully requests that the Court depart downward from the advisory guidelines pursuant to USSG §5H1.4 and find that particularly Ms. Griffin's physical condition and medical requirements warrant a downward variance. Additionally, pursuant to 18 U.S.C. § 3553(a), the court should impose a sentence that is not greater than necessary to comply with the purposes of sentencing.

## BACKGROUND

On August 11, 2020. Ms. Griffin entered a plea of guilty to Count 1 of the Information, which charged her with Possession of Stolen or Unlawfully Produced Identification Document in violation of 18 U.S.C. § 1029(a)(2), 18 U.S.C. § 1028(a)(7) and 18 U.S.C. § 1028(b)(1)(A)(i). PSR ¶ 1.

In the Presentencing Investigation Report ("PSR"), Ms. Griffin received a total offense level of 10 and a total criminal history of category II. PSR ¶ 75. The Guidelines of Imprisonment Range is eight months to fourteen months. PSR ¶ 75.

1

Pursuant to the plea agreement, the "parties agreed that either party may request a sentence above or below the sentencing guidelines range." PSR ¶ 3

"Since the applicable guideline range is in Zone B of the Sentencing Table, the Court may impose probation with a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention, as provided in USSG § 5C1.1(e) (Imposition of Term of Imprisonment. USSG § 5B1.1(a)(2).  PSR ¶ 82

## ARGUMENT

I. **The Court Should Depart Downward Based on the Stated Characteristics of Defendant Regarding Her Physical Condition and the Medical Treatment Requirements**

It is well-settled that physical condition or appearance, including physique, "may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical case covered by the guidelines. If the defendant can be properly cared for by the prison system, the district court should not depart. The court must make specific findings if it wants to depart based on extraordinary physical impairment." *United States Sentencing Guidelines,* §5H1.4.

In 2002, Ms. Griffin underwent chemotherapy and radiation in her left lung for Non-Hodgkin's Lymphoma.  PSR ¶ 49.  As a result of the chemotherapy and radiation treatment, Ms. Griffin was diagnosed with Congestive Heart Failure, Pulmonary Hypertension, and Chronic Obstructive Pulmonary Disease (COPD).  PSR ¶ 50.

2

"On September 17, 2020, Ms. Griffin underwent surgery to insert a heart valve in an effort to combat three severely leaking valves in her heart. She reported a recovery period of three to six months and will be required to take blood thinners for the rest of her life. PSR ¶ 50.

Ms. Griffin is at a higher risk of death if she would become infected with COVID 19. Ms. Griffin has stated that her doctors have told her that she could die if she contracted COVID 19.

According to the probation office, under 18 U.S.C § 3553(a) may warrant a variance and imposition of a non-guideline range. PSR ¶ 95.

Ms. Abigail J. Korte, U.S. Probation Officer, wrote: "A variance from the prescribed guideline range may be warranted in this case based upon the history and characteristics of the defendant; specifically, the defendant suffers from congestive heart failure, pulmonary hypertension, chronic obstructive pulmonary disease (COPD), depression, and anxiety disorder, all of which require ongoing medical care. In addition, the defendant is the primary caregiver of her two children. According, the Court may wish to consider whether the circumstances of the offense and the characteristics of the defendant rise to the level that would warrant a sentence below the guideline range pursuant to 18 U.S.C. § 3553(a)." PSR ¶ 95.

Thus, this court should grant the motion for downward departure pursuant to USSG §5H1.4 by taking into account Ms. Griffin's history of physical health, mental health and continuing treatment requirements.

## CONCLUSION

Considering all arguments stated above, Ms. Griffin respectfully requests that the Court depart downward from the advisory guidelines pursuant to USSG §5H1.4 and find that

3

particularly Ms. Griffin's physical condition and medical requirements warrant a downward departure.  If the Court overrules these motions, Counsel respectfully requests a sentence below guideline range pursuant to 18 U.S.C. § 3553(a) under which the court should impose a sentence that is not greater than necessary to comply with the purposes of sentencing.

    WHEREFORE Ms. Griffin prays this Honorable Court grant his motion for a downward departure or for any and all relief the Court deems appropriate.

    Respectfully Submitted,

*/s/ Eric V. Barnhart*_____
Eric V. Barnhart,  48555 MO
Attorney for Defendant
Clayton Tower
7751 Carondelet Avenue, Suite 202
Clayton, MO 63105
314-724-9884 (cell)
314-228-1910 (fax)
eric.barnhart@sbcglobal.net

**CERTIFICATE OF SERVICE**

    Signature above certifies that the above document was electronically filed in the United States District Court with the Eastern District of Missouri and filed via email to the United States District Attorney's Office on this 31st day of October, 2020.